# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **MILDRED B. JOHNSON,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No.: 2:16-CV-0523-VEH |
| | ) |
| **OMNI INSURANCE COMPANY,** | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM OPINION

**I.    Introduction and Procedural History**

Plaintiff Mildred B. Johnson ("Ms. Johnson"), who is proceeding *pro se*, initiated this action on March 31, 2016, against Defendant Omni Insurance Company ("Omni"). (Doc. 1). Perceiving multiple problems with Ms. Johnson's complaint, on April 1, 2016, the court ordered her to replead her claims no later than May 2, 2016. (Doc. 5 at 5). In this same order, the court denied her request for the appointment of counsel and deferred ruling on her *in forma pauperis* request. (*Id.* at 5-6).

The court further expressly warned Ms. Johnson that her "**failure to replead her allegations in a manner that adequately addresses the jurisdictional and pleading deficits identified by the court will result in the dismissal of her lawsuit without prejudice for lack of subject matter jurisdiction and/or the failure to**

**prosecute**." (Doc. 5 at 5).

The record shows that the clerk mailed Ms. Johnson a copy of the court's order requiring repleader order on April 1, 2016 (*see* CM/ECF entry dated Apr. 1, 2016, indicating "Order mailed to Plaintiff as directed . . . ."), and yet her repleader deadline has passed without any filing from Ms. Johnson. Under such circumstances and as explained more fully below, the court concludes that Ms. Johnson's case against Omni is due to be dismissed without prejudice *sua sponte*.

**II.   Analysis**

As the foregoing procedural history reveals, Ms. Johnson has neither complied with the requirement that she replead her claims nor provided any explanation to the court for this non-compliance. Under the Federal Rules of Civil Procedure, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." FED. R. CIV. P. 41(b).

Further, case law reinforces that, as a result of Ms. Johnson's failure to comply with the repleader order or otherwise indicate an intent that she still wishes to pursue claims against Omni (*e.g.*, such as by seeking an extension of time in which to restate her claims), the court possesses the inherent power to dismiss her case *sua sponte*. *See Link v. Wabash Railroad Co.*, 370 U.S. 626, 630-31, 82 S. Ct. 1386, 1389, 8 L. Ed. 2d 734 (1962) ("The authority of a court to dismiss *sua sponte* for lack of prosecution

has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."); *see also Goforth v. Owens,* 766 F.2d 1533, 1535 (11th Cir. 1985) ("The court's power to dismiss is an inherent aspect of its authority to enforce its orders and insure prompt disposition of lawsuits." (citing *Link*, 370 U.S. at 630-31, 82 S. Ct. at 1388-89)); *cf. Gratton v. Great American Communications*, 178 F.3d 1373, 1374 (11th Cir. 1999) (recognizing that court has broad authority under Rule 37 to control discovery and enforce its orders); *cf. also* FED. R. CIV. P. 1 ("[These rules] should be construed, administered, and <u>employed by the court</u> and the parties to secure the just, <u>speedy</u>, and inexpensive determination of every action and proceeding.") (emphasis added).

"While dismissal is an extraordinary remedy, dismissal upon disregard of an order, <u>especially where the litigant has been forewarned</u>, generally is not an abuse of discretion." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (emphasis added) (citing *State Exchange Bank v. Hartline*, 693 F.2d 1350, 1352 (11th Cir. 1982)). Here, by virtue of the court's order requiring her to replead, Ms. Johnson was put on notice that the court would consider dismissing her case for lack of subject matter jurisdiction and/or prosecution if she failed to timely and adequately comply (Doc. 5 at 5) and, nonetheless, she ignored that warning and filed nothing. "[A] plaintiff

who ignore[s] notices and orders of the court [is not] excused merely because of her *pro se* status." *Moon*, 863 F.2d at 838 n.5 (citing *Anthony v. Marion County General Hospital*, 617 F.2d 1164, 1169 (5th Cir. 1980));[1] *see also Moon*, 863 F.2d at 837 ("[O]nce a *pro se* IFP litigant is in court, [s]he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure.").

Guided by the foregoing legal framework, the court concludes that dismissing Ms. Johnson's action against Omni "without prejudice" (rather than "with prejudice") is the most appropriate measure to take, especially as Ms. Johnson is representing herself. *Cf. Phipps v. Blakeny*, 8 F.3d 788, 790-91 (11th Cir. 1993) ("When the record clearly demonstrates that a plaintiff deliberately and defiantly refused to comply with several court orders on discovery and tells the court that [s]he will not comply in the future, a district judge has the authority to deny that plaintiff further access to the court to pursue the case."). Simply put, a "without prejudice" dismissal means that the merits of Ms. Johnson's claims against Omni, if any, are not barred from further litigation by such an order. Additionally, a "without prejudice" dismissal is consistent with the above wording of the court's prior warning to Ms. Johnson in the event that

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

she failed to replead her claims in the manner required by the court.[2] (Doc. 5 at 5).

## III. Conclusion

Therefore, Ms. Johnson's claims against Omni are due to be dismissed without prejudice for lack of subject matter jurisdiction and/or her failure to prosecute as provided for under the Federal Rules of Civil Procedure and the express requirements of this court's April 1, 2016, order to replead. Further, as a result of this dismissal, Ms. Johnson's deferred request to proceed *in forma pauperis* (Doc. 2) filed on March 31, 2016, is due to be termed as moot. The court will enter a separate order in conformance with this memorandum opinion.

**DONE** and **ORDERED** this 10th day of May, 2016.

                                                               **VIRGINIA EMERSON HOPKINS**
                                                               United States District Judge

---

[2] A jurisdictional dismissal is only appropriately entered as a "without prejudice" one. *See Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1235 (11th Cir. 2008) (affirming district court dismissal for lack of jurisdiction but reversing and remanding for entry of dismissal "without prejudice" rather than "with prejudice" as incorrectly entered originally).